W. E. SIRMANS ET AL. *Appellants,* v. J. W. TOMPKINS, *Appellee.*

Division B.

Opinion Filed October 12, 1927.

*Gaines* and *Futch,* for Appellant;

*Hardee* and *Martin,* and *J. W. Hunter,* for Appellee.

PER CURIAM.—On July 7, 1927, a final decree of foreclosure herein was rendered. On July 30, 1927, a petition for rehearing was filed and presented to the chancellor. Notwithstanding the filing and presentation to the chancellor on July 30, of the petition for rehearing, an advertisement of sale, under the final decree of foreclosure to take place September 5, 1927, was begun on August 5, 1927, and continued on the 12th, 19th and 26th of August and the 2nd of September. On August 12, 1927, the chancellor denied the petition for rehearing, but amended the final decree, so as to allow the defendant to redeem the mortgaged property, at any time prior to the date of the sale. On August 15, 1927, the defendants appealed from the final decree and also from the order denying a rehearing. The chancellor on August 16, 1927, made the following supersedeas order: "This cause coming to be

heard upon the motion of the defendants for an order of supersedeas in the above entitled cause and it appearing to the court that the defendants have duly entered their appeal to the Supreme Court of the State of Florida from the order and decree made and entered in the above entitled cause on the 12th day of August, A. D. 1927, it is, upon inspection of the record by the court, ordered, adjudged and decreed that said appeal operate as a supersedeas and stay of all proceedings in said cause pending the final determination thereof by the Supreme Court of the State of Florida upon bond being filed by or in behalf of the said defendants in the penal sum of Ten Thousand ($10,000.00) Dollars, conditioned to pay the costs of said appeal if the order and decree appealed from be affirmed, or if said appeal be dismissed or abandoned by the said defendants, and conditioned to keep all premiums for insurance against loss by fire paid in full as provided by the mortgage involved in said cause, which said bond shall be approved by the Clerk of this Court.''

A supersedeas bond was approved and filed September 5, 1927. The property was sold September 5, 1927, to complainant, and on September 9, 1927, the chancellor confirmed the sale. On September 14, 1927, the defendants appealed from the order confirming the sale.

The following supersedeas order was made by a Justice of this Court: ''Upon an inspection of a certified transcript of the record brought here upon appeal in the above styled cause, it is hereby ordered that the appeal entered in said cause on the 14th day of September, A. D. 1927, shall have the force and effect of, and do operate as a supersedeas of the order or decree appealed from, upon the appellants giving, or causing to be given a bond in such sum and upon such conditions as may be ordered by the Circuit Judge.''

The Circuit Judge made an order that the supersedeas bond "is hereby fixed in the sum of Fifty Thousand Dollars and that the condition of said bond be that the defendants-appellants pay the costs and expenses of said appeal together with the damages resulting from said appeal to the complainant-appellee, if the order and decree appealed from be affirmed or if said appeal be dismissed or abandoned by said defendants-appellants and further conditioned that the defendants-appellants keep all premiums for fire insurance against loss by fire paid in full as provided by the mortgage involved in this cause and that said bond be approved by and filed in the office of the Clerk of the Circuit Court in and for Lake County, Florida."

Appellants now move this Court for an order reducing the amount or sum of the bond prescribed by the Circuit Judge on the ground, that it is grossly excessive and unreasonable.

The statutes provide: "Every petition for a rehearing shall contain the special matter or cause on which such a rehearing is applied for, and the facts therein stated, if not appearing on the face of the proceedings, shall be verified by the oath of the party or some other credible person."

"The presentation of a petition for rehearing presented within thirty days from the time of pronouncing the decree, shall stay all proceedings thereon for thirty days from such presentation, but no longer unless bond be given by the petitioner with good and sufficient sureties, as in case of appeal, conditioned for the payment of all damages and costs which may accrue by such delay, the penalty of which shall be fixed by the judge of the court to whom said petition for rehearing may be presented. When such bond shall be given, all proceedings shall be stayed until

the petition shall have been heard and determined." Sections 3164-5, Revised General Statutes, 1920.

"No appeal from any interlocutory decision, judgment or decree of a circuit court sitting as a court of equity shall operate as a supersedeas unless the judge of the circuit Court or Justice of the Supreme Court shall on an inspection of the record, order and direct a stay of proceedings. No appeal so allowed shall operate as a supersedeas, except on the conditions prescribed by law in cases of appeal from final decrees."

"No appeal from a final decree shall operate as a supersedeas unless said appeal be taken within the time fixed by law for taking a writ of error operating, as of course, as a supersedeas; or, if not taken within that time, unless one of the justices of the Supreme Court shall, by order, direct the said appeal to operate as a supersedeas. In any event, bond and security shall be given as provided for in cases of writs of error." Section 3170, Revised General Statutes, 1920.

"If the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the court below." Section 2911, Revised General Statutes, 1920. The decrees appealed from are not mere money decrees.

Without deciding here what under the above statute is the legal effect of the publication of notice of sale after the filing and presentation of the petition for rehearing and before the petition for rehearing was denied, and without deciding what effect should be given to the supersedeas order made by the circuit judge on the appeal taken from the order denying a rehearing, it appears from the showing made that the amount of the bond fixed by the circuit judge pursuant to the supersedeas order made by a Justice of this Court on the appeal taken from the order confirm-

ing the sale, is excessive; and the appellants are hereby given leave to again apply to the circuit judge for an order fixing the amount and condition of the bond to be executed, approved and filed as contemplated by the statute to make effective the supersedeas order heretofore made upon the appeal from the order confirming the sale of the mortgaged property.

It is so ordered.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM, J., concur in the opinion.