CITY OF DELAND, A MUNICIPAL CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA ET AL., *Appellants,* v. F. G. MOORHEAD, JOHN CRANOR AND C. W. BOARD, IN THEIR OWN RIGHT AND IN BEHALF OF ALL OTHER TAXPAYERS IN THE CITY OF DELAND, *Appellees.*

Division B.

Opinion Filed February 29, 1928.

*Hull, Landis & Whitehair*, Attorneys for Appellants;

*Stewart & Stewart*, Attorneys for Appellees.

PER CURIAM.—In this case application for order of supersedeas was granted by a Justice of this Court on the 30th day of January, 1928, in which it was provided that the amount and conditions of the supersedeas bond should be fixed by the judge of the Circuit Court for Volusia County.

Pursuant to such order and pursuant to an order made by the judge of the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, a supersedeas bond was made and filed, the penalty of the bond being in the sum of two thousand ($2,000.00) dollars and the conditions of the bond being as follows:

"The condition of the above obligation is such that, whereas the above named City of DeLand and its certain city officials have applied for a supersedeas upon the appeal entered in the above entitled cause on the 27th day of January, A. D. 1928.

"Now, if the above bounden principal shall well and truly pay all costs and damages accruing to the above named complainants which may be occasioned by such supersedeas in the event the order appealed from should be affirmed, then this obligation to be void, else to remain in full force and effect."

The cause is again before this Court on a motion to vacate and quash the supersedeas allowed and to vacate and set aside the order of the circuit judge fixing the amount and conditions of the supersedeas bond upon the following grounds:

"1. Because the order of the circuit judge exacting and requiring a bond of but two thousand dollars ($2,-000.00) to restrain the expenditure of twenty-nine thousand six hundred ($29,600.00) dollars is totally inadequate, insufficient and improper.

"2. Because the bond of $2,000.00 is not commensurate with the bond of $5,000.00 required of the complainants for the purpose of securing and saving and guarding against the expenditure of a fund for an illegal purpose, whereas, by the giving of a $2,000.00 bond the city treasury is thrown open to a compensation of illegal expenditure by officers who are unbonded and against which the City of DeLand has no adequate relief.

"3. Because said order is required to be conditioned only to pay the complainants the cost and damages accruing to the complainants, and not required or conditioned to be made by the officers complained against in the bill to the City of DeLand and for its protection, and that the order fixing the condition of the bond does not meet the purposes of law in suits of this nature.

"4. Because the said supersedeas bond is improperly signed and not in accordance with the supersedeas order of the order of the Circuit Court fixing the amount and conditions of said bond, for that the said respective offi-

cers as such are unable and without authority to give bond in their official capacity and the City of DeLand is without authority to make or execute bond of such a character and conditioned as is specified in said injunction proceedings; supersedeas order and order of the Circuit Court fixing the amount and conditions of bond for that the same in legal effect would be only a bond to indemnify itself for damages.

"5. Because for other good and sufficient reasons apparent on the face of the bill of complaint, supersedeas order and order of the circuit judge fixing the amount and condition of supersedeas bond."

The decree appealed from is not a mere money decree.

This Court held in Sirmans v. Tompkins, 94 Fla. 630, 114 Sou. 538, that: "Where it is duly made to appear to the appellate court that the amount of supersedeas bond as prescribed by a trial judge is excessive, the parties appellant may, upon appropriate procedure, be given leave to again apply to the trial judge for an order fixing the amount and condition of the supersedeas bond."

In this case it appears to us that the purpose which the supersedeas is intended to serve is to protect the public fund of $29,600.00 from being expended until such time as it may be determined by the court or courts of competent jurisdiction that the fund may be lawfully expended for the purposes for which the City of DeLand, by and through its proper officers, intends and proposes to expend the same and it further appears that the amount fixed and the conditions specified to be embraced in the supersedeas bond are each and both inadequate to accomplish the purpose for which we conceive the supersedeas bond to be required in this case. The appellees are hereby given leave to apply to the circuit judge for an order fixing the amount and conditions of a supersedeas bond to be executed, approved and filed as contemplated by the stat-

ute to make effective the supersedeas order heretofore made upon the appeal referred to insuch order made by a Justice of this Court on the 30th day of January, A. D. 1928.

It is so ordered.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and order.